UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:24-cv-03814-CBM-SSC | Date: November 26, 2024 |
| Title  Lydell Raysean Barnes v. County of Los Angeles et al. | |

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order Denying Without Prejudice Joint Application for Entry of a Stipulated Protective Order (ECF 25)**

On November 25, 2024, Plaintiff Lydell Raysean Barnes and Defendants County of Los Angeles, Kristos Casteneda, and Kevin Morales filed a joint application for entry of a stipulated protective order.  (ECF 25.)  The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted.

The proposed stipulated protective order includes the following statement:

> In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-03814-CBM-SSC                     Date: November 26, 2024

Title   Lydell Raysean Barnes v. County of Los Angeles et al.

flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

(ECF 25 at 2.)  To the extent that the parties intended this to constitute the required good-cause statement, such language is insufficient.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order.  The documents to be protected shall be specifically described and identified.  The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered.

In sum, the joint request for approval of the stipulated protective order (ECF 25) is DENIED without prejudice to renewing the request.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-03814-CBM-SSC                          Date: November 26, 2024

Title       Lydell Raysean Barnes v. County of Los Angeles et al.

The parties may re-file a revised proposed stipulated protective order that cures the deficiencies set forth in this order.

**IT IS SO ORDERED.**

                                                                               :
Initials of Preparer    **ts**